## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILBERT A. MCCLAY,
          Appellant,

     v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBER
DC-315H-19-0472-I-1

DATE: May 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wilbert A. McClay</u>, Alexandria, Virginia, pro se.

<u>Tracy Gonos</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. On petition for review, the appellant does not dispute that he was serving in a probationary period at the time he was terminated but instead challenges the administrative judge's determination that he received notice of his termination on April 9, 2019, arguing instead that he did not receive notice until the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

day, April 10, 2019; challenges the agency's reason for terminating him; and disputes the administrative judge's assertion that he did not retain counsel despite being afforded the opportunity to do so. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

Regarding the appellant's argument that the administrative judge erroneously stated that the appellant received notice of his removal on April 9, 2019, instead of April 10, 2019, which the agency acknowledges, the record shows that although the appellant's probationary termination letter is dated April 9, 2019, it has a hand-written annotation stating that it was delivered to the appellant on April 10, 2019, so the administrative judge's statement was in error. *See* Petition for Review (PFR) File, Tab 5 at 7; Initial Appeal File (IAF), Tab 10 at 11; Tab 11, Initial Decision at 2. Nevertheless, any such error was immaterial to the outcome of the appeal, as it is undisputed that the appellant actually received the termination letter by the effective date of his termination. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

Regarding the appellant's claim that, despite the administrative judge's assertion otherwise, he did in fact obtain legal representation, the appellant provides a copy of a certificate of service the agency sent with its response to the administrative judge's jurisdictional order, which identifies the appellant's

representative and certifies that the filing was sent to his representative. PFR File, Tab 1 at 9; *see* IAF, Tab 10 at 8. Although it appears that the appellant may have informed the agency that he had obtained representation before the initial decision was issued, neither the appellant nor the appellant's representative filed a designation of representative as required by Board regulations, and none of the appellant's filings with the Board identified his representative. *See* 5 C.F.R. § 1201.31(a) (indicating that an appellant must designate his representative, if any, in a signed submission); IAF, Tabs 1, 5-7, 9.

After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and

---

[2] The appellant has submitted additional documents with his petition for review, and a supplemental filing consisting of an audio recording. PFR File, Tab 1 at 6-8; Tab 2. The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). We have reviewed this newly submitted evidence, and we find that the appellant has not shown that it is either new or material. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (concluding that under 5 C.F.R. § 1201.115(d) the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). The appellant acknowledges that all of the evidence predates the initial decision and does not assert that any of the documents were first obtained after the initial decision was issued. *See Avansino*, 3 M.S.P.R. at 214. Accordingly, we have not considered it.

AFFIRM the initial decision, which is now the Board's final decision.[3] 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] In its response to the appellant's petition for review, the agency requests that the Board re-caption the case to identify the agency subcomponent, the United States Patent and Trademark Office (USPTO), as the respondent agency, arguing that it maintains "independent control of its personnel decisions and other administrative and management functions" from the Department of Commerce. PFR File, Tab 5 at 4 n.1. The Board generally does not identify an agency subcomponent as the respondent in appeals before the Board. *See, e.g.*, *Searcy v. Department of Commerce*, 114 M.S.P.R. 281 (2010) (identifying the Department of Commerce as the respondent agency in an involuntary resignation appeal filed by a USPTO employee); *Dixon v. Department of Commerce*, 109 M.S.P.R. 314 (2008) (identifying the Department of Commerce as the respondent agency in the appeal of an arbitrator's decision sustaining the removal of a USPTO employee). Additionally, in analogous circumstances, the Board has declined an agency's request to re-caption a case. *See Doe v. Department of Justice*, 95 M.S.P.R. 198 n.2 (2003) (denying the agency's request to re-caption the case, in order to reduce the possibility of confusion, where the agency subcomponent was abolished and its functions were transferred to a newly created agency). Accordingly, we deny the agency's request.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.